IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JESSIE HANKTEM**                                                                  **PLAINTIFF**

**V.**                       **NO. 4:23-CV-151-DMB-JMV**

**CITY OF INDIANOLA,
MISSISSIPPI**                      **DEFENDANT**

**OPINION AND ORDER**

Alleging the City of Indianola refused to return him to his position as an animal control officer after he was injured at work, Jessie Hanktem sued the City under Title VII and under the Americans with Disabilities Act. The City moves to dismiss Hanktem's claims on the argument that Hanktem failed to file suit within ninety days of his receipt of the EEOC's right to sue letter. Because Hanktem timely filed his complaint, dismissal will be denied.

**I
Procedural History**

On August 7, 2023, Jessie Hanktem filed a pro se complaint in the United States District Court for the Northern District of Mississippi against the City of Indianola, Mississippi, asserting the City violated Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act by allegedly failing to allow him to return to work as an animal control officer following his on-the-job injury and allegedly retaliating against him once he complained such was due to race discrimination. Doc. #1 at PageID 3. As relief, Hanktem asks that the City be ordered to "re-employ [him] as animal control officer, with back pay and increase in pay the same or similar to the white co-worker who was allowed to return to work with higher pay."[1] *Id.* at PageID 5.

---

[1] The form complaint Hanktem used includes a request for "such other relief as may be appropriate, including injunctive orders, damages, costs, and attorneys' fees." Doc. #1 at PageID 6.

On August 25, 2023, the City filed a motion to dismiss Hanktem's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. #10. Hanktem responded to the motion approximately three months later on November 27, 2023. Doc. #17. On December 1, 2023, the City moved for an extension to reply to Hanktem's untimely response. Doc. #23. Because Hanktem did not request an extension to file his untimely response, on December 5, 2023, the Court struck the response and denied the City's motion for extension as moot.[2] Doc. #25.

**II**
**Standard**

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a complaint must present enough facts to state a plausible claim to relief. A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail." *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1150 (5th Cir. 2021) (internal citation omitted). In evaluating a motion to dismiss, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Serrano v. Customs & Border Patrol*, 975 F.3d 488, 496 (5th Cir. 2020) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). The Court "accept[s] all well-pleaded facts as true and construe[s] the complaint in the light most favorable to the plaintiff." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted). But the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.*

---

[2] On December 20, 2023, Hanktem filed a "Response" to the December 5 order in which he requests an extension of time for an unspecified filing and asks that "the civil action not be dismissed" because (1) he "did not know that he needed to request an extension of time;" (2) "he was under the impression that the filing date would suffice and that his Response to Motion to Dismiss would be in compliance with the court because" he filed his suit on August 7, 2023—a weekend date; and (3) "the reason that this action was not filed in a timely manner" was because his "wife was gravely ill and had surgery." Doc. #28 at PageID 80.

2

(citations omitted).

## III
## Factual Allegations

On August 14, 2017, Jessie Hanktem, a black male, was hired by the City of Indianola as an Animal Control Officer. Doc. #1 at PageID 3, 4. On February 19, 2019, Hanktem was injured on the job.[3] *Id.* at PageID 4. He was later "released to return to work with no restrictions" but the City "denied [his] return to employment." *Id.* "A white female co-worker was injured on the job and allowed to return to work."[4] *Id.*

On or about September 30, 2020, Hanktem filed a charge with the Equal Employment Opportunity Commission ("EEOC") against the City alleging the City "(1) [f]ailed and refused to return [him] to employment position after injury on job; (2) allowed white co-worker to return to work after injury; [and] (3) [r]etaliat[ed] for [his] complaint about race discrimination." Doc. #1 at PageID 2, 3.[5] The City submitted a position statement to the EEOC in response. *Id.* at PageID 5. On May 2, 2023, the EEOC sent a letter to Hanktem, *id.* at PageID 7, which Hanktem received on May 7, 2023, *id.* at PageID 2. The letter advised Hanktem:

> [You] are hereby notified that you have the right to institute a civil action against [the City] under: Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., and, Title V, Section 503 of the Act, 42 U.S.C. 12203.
>
> If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.
>
> …
>
> This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

---

[3] The complaint does not specify the nature of Hanktem's injury or how it occurred. *See generally* Doc. #1.

[4] The complaint does not specify when the referenced co-worker was injured, the nature of her injury, or when she returned to work. *See generally id.*

[5] The form complaint Hanktem used states that his EEOC charges against the City are the same "acts of discrimination stated in [his] complaint." *Id.* at PageID 2.

*Id.* at PageID 7.

Hanktem filed this lawsuit on August 7, 2023. Doc. #1.[6]

## IV
## Analysis

The City seeks to dismiss Hanktem's Title VII and ADA claims as "time-barred" on the premise that he "failed to file his Complaint during the mandatory ninety (90) day period after receiving his right to sue letter from the [EEOC]." Doc. #10 at 1.

"Under Title VII [and] the ADA, … a plaintiff has ninety days to bring suit in federal court after receipt of a statutory notice of right to sue from the EEOC." *January v. Tex. Dep't of Crim. Just.*, 760 F. App'x 296, 299 (5th Cir. 2019) (citing 42 U.S.C. § 2000e-5(f)(1) (2011); 42 U.S.C. § 12117(a) (2011)). The Fifth Circuit treats the ninety-day period "as a statute of limitations." *Id.* (citations omitted); *see Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) ("This requirement to file a lawsuit within the ninety-day limitation period is strictly construed.") (citations omitted). Consequently, courts "repeatedly dismiss[] cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." *Taylor*, 296 F.3d at 379 (citation omitted).

However, "[t]he Fifth Circuit follows the 'majority rule' to apply Rule 6 of the Federal Rules of Civil Procedure to compute the time periods contained in federal statutes of limitations." *Johnson v. Fed. Info. Sys., Inc.*, No. 22-cv-00796, 2022 WL 4298458, at *4 (W.D. Tex. Sept. 16, 2022) (citing *In re Gotham Provision Co., Inc.*, 669 F.2d 1000, 1014 (5th Cir. 1982), and *Lawson v. Conyers Chrysler, Plymouth, & Dodge Trucks, Inc.*, 600 F.2d 465, 465–66 (5th Cir. 1979)); *see*

---

[6] Though irrelevant to the issue of whether Hanktem timely filed his complaint, it appears the package in which Hanktem sent his complaint for filing was postmarked August 4, 2023, with an "expected delivery day" of "08/07/23." Doc. #1 at PageID 9.

4

*Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998) ("This Court has consistently used Federal Rule of Civil Procedure 6(a)'s method for computing federal statutory time limitations.") (collecting cases) (cleaned up). Under Rule 6, "[w]hen the period is stated in days or a longer unit of time," "exclude the day of the event that triggers the period;" "count every day, including intermediate Saturdays, Sundays, and legal holidays;" and "[i]nclude the last day of the period, but if the last day of the period is a Saturday, Sunday, [or] legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(A)–(C).

Because Hanktem received the EEOC's right to sue letter on May 7, 2023, he had ninety days from that date to file his complaint. Hanktem filed his complaint on August 7, 2023, a Monday. However, because the last day of the ninety-day period ended on Saturday, August 5, 2023, Hanktem had through and until the following business day—Monday, August 7, 2023—to file his complaint. Consequently, Hanktem's August 7, 2023, complaint is timely and the City's motion to dismiss will be denied.

## V
## Conclusion

The City's motion to dismiss Hanktem's complaint [10] is **DENIED**.

**SO ORDERED**, this 5th day of February, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**